John C. **FISHER**, Plaintiff–Appellant,

v.

Dennis R. **FOUST**, Defendant–Appellee.

No. 00–6667.

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

John C. Fisher, a Kentucky resident, appeals pro se a district court order dismissing his civil rights action, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fisher was convicted following a jury trial of six counts of first degree wanton endangerment based on the injuries sustained by six people riding in automobiles behind him on the expressway. Apparently, Fisher had a habit, described by the Kentucky Court of Appeals in affirming his conviction, of "stopping his vehicle, without any demonstrated legitimate reason, on the traveled portion of an interstate highway, thereby creating a substantial and unjustifiable risk of a serious collision and injuries." He was sentenced to five years of imprisonment, which was probated on condition that he not drive until such time as the court was satisfied that he was no longer a danger to the community. In a separate administrative proceeding, Fisher successfully argued that his driver's license could only be suspended for six months, and not two years as argued by the Transportation Cabinet. Although he was successful in the admin-istrative proceeding, he failed to convince the sentencing judge that he was no longer dangerous and should have his driving privileges restored after a similar period.

Fisher then filed this action against the state circuit court judge who sentenced him, seeking injunctive and monetary relief. He argued that the defendant ignored the reinstatement of his driver's license and violated his due process rights. Defendant moved for dismissal, and Fisher filed a response as well as a motion to amend his complaint. The district court denied the motion to amend and granted the motion to dismiss, concluding that this action was barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This appeal followed.

Fisher argues on appeal that the dismissal was without notice and opportunity to respond, and that *Heck* does not apply to his case because he is alleging an abuse of process. Defendant argues that the district court's order can be affirmed for the reason stated by it as well as on numerous other grounds. Fisher has also filed a motion to strike a portion of the appellee's brief, to which both a response and a reply have been filed.

▬ Upon review, we conclude that the dismissal of this complaint must be affirmed, because Fisher could prove no set of facts which would entitle him to relief. *See Persian Galleries, Inc. v. Transcon. Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994). Although the district court misunderstood the facts underlying this complaint and believed that the limitation of Fisher's driver's license suspension to six months somehow applied to the probation condition imposed in his criminal trial, and

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

erroneously concluded that defendant was not entitled to immunity, the order of dismissal can be affirmed because the district court correctly concluded that this complaint was barred under *Heck.* Fisher is challenging the sentence imposed by the defendant in his criminal trial, but that sentence has not been reversed on direct appeal, and his claim is therefore not cognizable under § 1983. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Furthermore, as argued by defendant, Fisher's claim for monetary relief is barred by absolute judicial immunity, *see Ireland v. Tunis,* 113 F.3d 1435, 1440 (6th Cir.1997), and his complaint is barred by the *Rooker–Feldman* doctrine, as it seeks review of a state court decision only available in the Supreme Court. *See Patmon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000).

The arguments raised by Fisher on appeal are frivolous. The dismissal of his complaint was not sua sponte and without notice and opportunity to respond. Defendant filed a motion to dismiss and Fisher responded to it. The holding of *Heck* was also properly applied here. Fisher did not allege an abuse of process, which implies a use of his criminal trial for a purpose other than that for which it was designed, such as extortion. *See Scott v. District of Columbia,* 101 F.3d 748, 755 (D.C.Cir.1996). Fisher received all the process to which he was due at his jury trial, where he was represented by counsel, and was found guilty of six counts of first degree wanton endangerment. It was at this proceeding that the state established his dangerousness beyond a reasonable doubt. It then became Fisher's burden to overcome that finding by demonstrating a change of condition to the sentencing judge in order to remove the no driving condition placed on his probation.

For all of the above reasons, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.